ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
WING YAN WONG, ESQ.
Nevada Bar No. 13622
GORDON REES SCULLY MANSUKHANI, LLP
300 South 4th Street, Suite 1550
Las Vegas, Nevada  89101
Telephone:  (702) 577-9300
Facsimile:  (702) 255-2858
E-Mail: rlarsen@grsm.com
           wwong@grsm.com

MATTHEW S. FOY, ESQ.
*Admitted Pro Hac Vice*
JENNIFER WAHLGREN, ESQ.
*Admitted Pro Hac Vice*
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415)-875-3174
Facsimile:  (415) 986-8054
Email:  mfoy@grsm.com
           jwahlgren@grsm.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EGG AND I, LLC, a Nevada limited liability company; EGG WORKS, LLC, a Nevada limited liability company; EGG WORKS 2, LLC, a Nevada limited liability company; EGG WORKS 3, LLC, a Nevada limited liability company; EGG WORKS 4, LLC, a Nevada limited liability company; EGG WORKS 5, LLC, a Nevada limited liability company; EGG WORKS 6, LLC, a Nevada limited liability company; and EW COMMISSARY, LLC, a Nevada limited liability company,<br><br>                Plaintiffs,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE COMPANY, a Texas corporation; PROFESSIONAL INDEMNITY AGENCY, INC. dba TOKIO MARINE, HCC-SPECIALTY GROUP, a New Jersey corporation,<br><br>                Defendants. | Case No.:   2:20-cv-00747-KJD-DJA<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY** |

-1-

**STIPULATION AND ORDER TO STAY DISCOVERY**

Plaintiffs Egg and I, LLC *et al.* (collectively as "Plaintiffs"), by and through their attorneys of record, the law firms of Arias Sanguinetti Wang & Torrijos, LLP and Brayton Purcell, LLP, and Defendants U.S. Specialty Insurance Company ("USSIC") and Professional Indemnity Agency, Inc. dba Tokio Marine, HCC-Specialty Group ("PIA," collectively with "USSIC" as "Defendants"), by and through their attorneys of record, the law firm of Gordon Rees Scully Mansukhani, LLP, and hereby stipulate to stay discovery in the above-referenced action. In support of this request, the Parties submit the following for the Court's consideration:

*A.   Relevant Factual Allegations and Procedural History*

1.   Plaintiffs are a group of restaurants in Clark County, Nevada. ECF No. 1 at ¶ 1. USSIC insured Plaintiffs under a Restaurant Recovery Insurance Policy, policy no. U719-860374, in force from September 1, 2019 through September 1, 2020 (the "Policy"). *Id.* at ¶ 3; ECF No. 1-3 (the Policy as attached to Complaint). Between March and April 2020, the Governor of Nevada issued Declaration of Emergency Directive 003 and guidance in response to the health crisis caused by COVID-19 (collectively as "Directives"). ECF No. 1 at ¶¶ 6-10. To comply with the Directives, Plaintiffs suspended business operations at their restaurants, causing Plaintiffs to suffer losses. *Id.* at ¶ 11. Plaintiffs claim that Defendants refused to pay for the losses and expenses under the Policy. *Id.* at ¶¶ 12-13. Defendants claim that there is no coverage under the Policy for the claimed losses and expenses.

2.   On April 24, 2020, Plaintiffs filed their Complaint on behalf of themselves and a putative class of persons and entities whose claims for losses under a Restaurant Recovery Policy were denied by Defendants. *Id.* at ¶ 46.

3.   On May 26, 2020, Defendants filed their Motion to Dismiss. ECF No. 24.

4.   On June 30, 2020, Plaintiffs filed their Response to the Motion to Dismiss. ECF No. 33.

5.   Defendants' Reply brief is currently due on July 28, 2020. ECF No. 32.

/ / /

/ / /

**B.     Stay of Discovery**

6.     The Parties both request a stay of discovery pending resolution of the Motion to Dismiss.

7.     Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988).  In exercising this discretion, a district court may stay discovery based on the filing of a motion that is "potentially dispositive of the entire case."  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011); s*ee Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (holding that "[w]hether to grant a stay is within the discretion of the Court…"); *Ortega v. Harmony Homes, Inc.*, No. 2:15-cv-00794-MMD-VCF, 2015 U.S. Dist. LEXIS 110352, *6 (D. Nev. Aug. 19, 2015) (granting motion to stay general discovery when motion was potentially dispositive and foreseeable discovery costs were substantial).

8.     "In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, the court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules shall be construed and administered to secure the just, speedy, and 'inexpensive determination of every action.'"  *Carter v. Rent-A-Center, Inc*., 2:15-cv-00178-GMN-CWH (D. Nev. May 18, 2015) (granting parties' stipulation to stay discovery pending resolution of defendant's motion to dismiss class action complaint).  To that end, the Court also "takes a 'preliminary peek' at the merits of the dispositive motion."  *Id*. (citing *Tradebay, LLC*, 278 F.R.D. at 603).

9.     The Parties recognize that discovery in this putative class action will be substantial, costly, and time-consuming.  In this case there are eight named Plaintiffs and an unknown amount of putative class members.  Discovery related to the named Plaintiffs alone is expected to require substantial attorney time and cost.  Typically, class discovery can increase the discovery time and costs.

10.     Additionally, requiring discovery to proceed while a potentially dispositive motion is pending increases the burden on the Court system and its scarce resources.

11. Federal Rule of Civil Procedure 1 strongly supports granting a stay of discovery to preserve the resources of the parties and the Court. "The stay furthers the goal of efficiency for the court and litigants." *Little*, 863 F.2d at 685.

12. In the event the Court grants this Stipulation, the Parties will hold a Federal Rule of Procedure 26(f) conference and submit a proposed discovery plan and scheduling order within forty-five (45) days after the Order on the Motion to Dismiss is entered.

Dated this 14th day of July, 2020.

| | |
|---|---|
| **ARIAS SANGUINETTI WANG & TORRIJOS, LLP** | **GORDON REES SCULLY MANSUKHANI, LLP** |
| /s/ ___Gil Purcell_____ <br> Gregg A. Hubley, Esq. <br> Nev. Bar No. 7386 <br> Christopher A.J. Swift, Esq. <br> Nev. Bar No. 11291 <br> 7201 W. Lake Mead Blvd., Suite 570 <br> Las Vegas, Nevada 89128 <br><br> Mike Arias, Esq. <br> Cal. Bar No. 115385 <br> Alfredo Torrijos, Esq. <br> Cal. Bar No. 222458 <br> 6701 Center Drive West, 14th Floor <br> Los Angeles, California 90045 | /s/ ___Robert S. Larsen_____ <br> Robert S. Larsen, Esq. <br> Nev. Bar No. 7785 <br> Wing Yan Wong, Esq. <br> Nev. Bar No. 13622 <br> 300 South 4th Street, Suite 1550 <br> Las Vegas, Nevada 89101 <br><br> Matthew S. Foy, Esq. <br> Cal. Bar No. 187238 *(Admitted Pro Hac Vice)* <br> Jennifer Wahlgren, Esq. <br> Cal. Bar No. 249556 *(Admitted Pro Hac Vice)* <br> 275 Battery Street, Suite 200 <br> San Francisco, California 94111 <br><br> *Attorneys for Defendants* |
| **BRAYTON PURCELL, LLP** <br> Alan Brayton, Esq. <br> Cal Bar No. 73685 <br> Gilbert Purcell, Esq. <br> Cal Bar No. 113603 <br> James Nevin, Esq. <br> Cal. Bar No. 220816 <br> Andrew Chew, Esq. <br> Cal. Bar No. 225679 <br> 222 Rush Landing Road <br> Novato, California 94945 <br> *Attorneys for Plaintiffs and the Proposed Class* | |

## ORDER

**IT IS SO ORDERED.**

DATED: July 17, 2020

_____
UNITED STATES MAGISTRATE JUDGE